# Exhibit E

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SUSAN BACS and JESSICA
ROUBERT,

        Plaintiffs,

    v.

CAPITAL ONE FINANCIAL
CORPORATION,

        Defendant.

CASE NO.: 8:21-cv-2852-TPB-TGW

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Capital

One Financial Corporation ("Defendant"), by and through its undersigned counsel

and in accordance with the Federal Rules of Civil Procedure, hereby objects and

responds to Plaintiffs' First Set of Requests for Admission ("Requests"). Defendant

reserves the right to supplement or amend these objections and responses as

necessary in accordance with the Federal Rules of Civil Procedure and any Local

Rules and orders of this Court.

## GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS

In addition to the objections set forth below, Defendant make the following

objections applicable to each of the Requests. These objections form a part of the

responses to each Request and are set forth here to avoid the duplication and

repetition involved in restating them for each response.

1.     Defendant objects to the Requests to the extent they seek information not relevant to any party's claims or defenses in this matter and/or to the extent that they are overly broad and unduly burdensome in light of the limits on relevance and proportionality imposed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(1).

2.     Defendant objects to the Requests to the extent they seek information protected by the attorney-client privilege, the common interest privilege, and/or the work product doctrine.  Any inadvertent production of privileged information shall not constitute a waiver of any of the rights or privileges of Defendant.

3.     Defendant objects to the Requests to the extent they seek information that is already in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs.

4.     Defendant objects to the Requests to the extent they seek information that belongs solely to third parties and/or are not within Defendant's possession, custody, or control.

6.     Defendant objects to the Requests and Definition No. 9 to the extent they pertain to information related to the period before December 7, 2017, or after the close of fact discovery.  Defendant will limit the time period for responsive information to December 7, 2017 (the "Relevant Period") through the date of these Responses unless otherwise indicated.

7.     Defendant objects to each and every Definition and Instruction set forth in the Requests to the extent that any Definition or Instruction imposes and/or

purports to impose burdens beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Middle District of Florida.

8.      Defendant objects to Definition No. 2 for "You" on the grounds that each such definition is overbroad in that the definition seeks to include not only Capital One, but also its "subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense" and its "agents, servants and/or employees, and in the instance of defendant corporations or other business entities."  Furthermore, Defendant objects to this definition to the extent it misidentifies Capital One as "Lexis."

9.      Defendant responds to these Requests based upon information presently available that it has been able to identify through reasonable efforts.  In so doing, Defendant reserves and does not waive the right to rely upon subsequently developed legal theories or additional information later discovered or obtained, or inadvertently omitted at this time.  Defendant's investigation into this matter is continuing, and Defendant reserves the right to amend or supplement its objections and responses to the Requests as necessary or appropriate in accordance with the Federal Rules of Civil Procedure or the Civil Local Rules or orders of this Court.

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**

Admit that the attached document, Exhibit A, is a true and authentic copy of the genuine original document.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request as vague and ambiguous because it is not clear what Plaintiff requests Defendant to admit Exhibit A is a true and authentic copy *of*.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that Exhibit A is a copy of an 8-page document whose content speaks for itself.

**REQUEST NO. 2:**

Admit that the attached document Exhibit A is the COBRA Notice sent to Plaintiff, Susan Bacs.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects that the phrase "COBRA notice" is vague and ambiguous and fails to describe the information sought with reasonable particularity, especially because Exhibit A includes multiple documents sent on multiple dates.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that Exhibit A appears to include certain, but not all, pages of the COBRA Notice sent to Susan Bacs.

**REQUEST NO. 3:**

Admit that the attached document Exhibit A is the COBRA Notice template utilized by Defendant for the relevant time period.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects that the phrases "COBRA notice" and "template" are vague and ambiguous and fail to describe the information sought with reasonable particularity. Defendant also objects that Exhibit A is a specific COBRA Notice provided to a specific individual, and it is therefore, by definition, not a generic "template."

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 4:**

Admit that the attached document Exhibit A is the form COBRA Notice that was utilized by Defendant during the relevant time period.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects that the phrase "form COBRA notice" is vague and ambiguous and fails to describe the information sought with reasonable particularity. Defendant also objects that Exhibit A is a specific COBRA Notice provided to a specific individual, and it is therefore, by definition, not a generic "form" COBRA Notice.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 5:**

Admit that in this litigation Plaintiff can satisfy the numerosity requirement for Fed.R.Civ.P. 23(a).

**RESPONSE TO REQUEST NO. 5:**

Defendant objects that this Request improperly seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant responds as follows: admitted, based on the proposed class definition in the Amended Complaint.

**REQUEST NO. 6:**

Admit that in this litigation Plaintiff can satisfy the typicality requirement for Fed.R.Civ.P. 23(a).

**RESPONSE TO REQUEST NO. 6:**

Defendant objects that this Request improperly seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 7:**

Admit that in this litigation Plaintiff can satisfy the adequacy requirement for Fed.R.Civ.P. 23(a).

**RESPONSE TO REQUEST NO. 7:**

Defendant objects that this Request improperly seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 8:**

Admit that in this litigation Plaintiff can satisfy the commonality requirement for Fed.R.Civ.P. 23(a).

**RESPONSE TO REQUEST NO. 8:**

Defendant objects that this Request improperly seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 9:**

Admit that in this litigation Plaintiff can satisfy the predominance requirement for Fed.R.Civ.P. 23(b)(3).

**RESPONSE TO REQUEST NO. 9:**

Defendant objects that this Request improperly seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 10:**

Admit that in this litigation Plaintiff can satisfy the superiority requirement for Fed.R.Civ.P. 23(b)(3).

**RESPONSE TO REQUEST NO. 10:**

Defendant objects that this Request improperly seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 11:**

Admit Capital One Financial Corporation has records containing the names and last known mailing addresses of the putative class members.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects that this Request improperly seeks a legal conclusion about who would be considered "putative class members," as Plaintiffs' Amended Complaint defines the putative class in terms of the "applicable statute of limitations period," which Plaintiffs do not otherwise define in their Amended Complaint. This Request is also vague and ambiguous because it does not state whether the "records" would contain the information required to identify the "putative class members" in the first instance, or if the "records" would only contain the "names and last known mailing addresses" of certain, as yet unidentified individuals that would be independently identified as "putative class members."

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that it has some records containing the names and last known mailing addresses for some individuals that would meet the putative class definition in the Amended Complaint.

**REQUEST NO. 12:**

Admit Capital One Financial Corporation has access to records containing the names and last known mailing addresses of the putative class members.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects that this Request improperly seeks a legal conclusion about who would be considered "putative class members," as Plaintiffs' Amended Complaint defines the putative class in terms of the "applicable statute of limitations period," which Plaintiffs do not otherwise define in their Amended Complaint. This Request is also vague and ambiguous because it does not state whether the "records" would contain the information required to identify the "putative class members" in the first instance, or if the "records" would only contain the "names and last known mailing addresses" of certain, as yet unidentified individuals that would be independently identified as "putative class members." Defendant also objects to the extent this Request improperly asks Defendant to admit or deny whether it has "access" to information held by third parties, when such information is not in the possession, custody, or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that it is aware of third parties

with records containing the names and last known mailing addresses for some individuals that would meet the putative class definition in the Amended Complaint.

**REQUEST NO. 13:**

Admit Capital One Financial Corporation has records containing the names and last known mailing addresses of the individuals to whom it sent, or caused to be sent, COBRA notices during the last four years.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects that this Request is vague and ambiguous because it does not state whether the "records" would contain the information required to identify the "individuals to whom [Capital One] sent, or caused to be sent, COBRA notices" in the first instance, or whether the "records" would only contain the "names and last known mailing addresses" of individuals that would be independently identified as being sent such COBRA Notices.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 14:**

Admit Capital One Financial Corporation has records containing the names and last known mailing addresses of the individuals to whom it sent, or caused to be sent, COBRA notices during the year preceding this lawsuit through the present.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects that this Request is vague and ambiguous because it does not state whether the "records" would contain the information required to identify the "individuals to whom [Capital One] sent, or caused to be sent, COBRA notices" in the first instance, or whether the "records" would only contain the "names and last known mailing addresses" of individuals that would be independently identified as being sent such COBRA Notice.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 15:**

Admit that the Named Plaintiff Susan Bacs was not terminated for gross misconduct.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects that this Request improperly seeks a legal conclusion because "gross misconduct" is a legal term defined under COBRA.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 16:**

Admit that following Susan Bacs' termination, you caused or directed a third-party COBRA administrator to mail Susan Bacs a notice, issued pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), offering

continuation coverage.

**RESPONSE TO REQUEST NO. 16:**

    Defendant objects that this Request improperly seeks a legal conclusion to the extent that it requires Defendant to determine whether or not it was legally obligated under COBRA to provide Susan Bacs with a notice of her rights to elect COBRA continuation benefits.

    Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that, following Susan Bacs' termination, it caused or directed a third-party COBRA administrator to mail Susan Bacs a notice offering her continuation coverage under the Plan.

**REQUEST NO. 17:**

    Admit that the Named Plaintiff Susan Bacs experienced a "qualifying event" as defined by ERISA.

**RESPONSE TO REQUEST NO. 17:**

    Defendant objects that this Request improperly seeks a legal conclusion because "qualifying event" is a legal term defined under ERISA.

    Subject to and without waiving the foregoing objections, Defendant responds as follows: denied. Defendant admits only that Susan Bacs was terminated from Capital One effective November 26, 2018.

**REQUEST NO. 18:**

    Admit that the Named Plaintiff Susan Bacs was issued a notice pursuant to

the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

**RESPONSE TO REQUEST NO. 18:**

Defendant objects that this Request improperly seeks a legal conclusion to the extent that it requires Defendant to determine whether or not it was legally obligated under COBRA to provide Susan Bacs with a notice of her rights to elect COBRA continuation benefits.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 19:**

Admit that the Named Plaintiff Aron Bacs was issued a notice pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

**RESPONSE TO REQUEST NO. 19:**

Defendant objects on the grounds that it seeks information that is not relevant to the parties' claims or defenses, as Aron Bacs was dropped by Plaintiffs as a Named Plaintiff to this action.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 20:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 40 former

Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that its COBRA administrator provided a notice offering continuation coverage under the Plan to more than 40 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**REQUEST NO. 21:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 40 former Capital One Financial Corporation employees during the time period for the class definition in the Amended Complaint.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity. Defendant further objects that this Request improperly seeks a legal conclusion because the "time period for the class definition in the Amended

Complaint" refers to the "applicable statute of limitations period," which the Amended Complaint does not define.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that its COBRA administrator provided a notice offering continuation coverage under the Plan to more than 40 former Capital One Financial Corporation employees during the four year period preceding the filing of Plaintiffs' Complaint.

**REQUEST NO. 22:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 100 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that its COBRA administrator provided notices offering continuation coverage under the Plan to more than 100 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**REQUEST NO. 23:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 500 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that its COBRA administrator provided notices offering continuation coverage under the Plan to more than 500 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**REQUEST NO. 24:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 1,000 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that its COBRA administrator provided notices offering continuation coverage under the Plan to more than 1,000 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**REQUEST NO. 25:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 10,000 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 26:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 25,000 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 27:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 50,000 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 28:**

Admit that the form COBRA notice, utilized by Capital One Financial Corporation during the relevant time period, was mailed to more than 100,000 former Capital One Financial Corporation employees during the year preceding the filing of the Complaint.

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to the phrase "the form COBRA notice" as vague and ambiguous, as it fails to describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 29:**

Admit Defendant does not have a written opinion from an attorney regarding the Capital One Financial Corporation COBRA notice utilized during the period for the class definition in the Amended Complaint.

**RESPONSE TO REQUEST NO. 29:**

Defendant also objects to the extent this Request seeks information that is protected by the attorney-client privilege and/or work product doctrine.  Defendant further objects that this Request improperly seeks a legal conclusion because the

"period for the class definition in the Amended Complaint" refers explicitly to the "applicable statute of limitations period," which is not otherwise defined in the Amended Complaint. Defendant also objects to the terms "written opinion" as vague and ambiguous as to Plaintiffs' intended meaning and as used in this Request.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 30:**

Admit Defendant does not have a written opinion from an attorney regarding whether its COBRA notice complies with the law.

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to the terms "opinions," "complies," and "law" as vague and ambiguous as to Plaintiffs' intended meaning and as used in this Request. Defendant further objects to the extent this Request seeks information that is protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

**REQUEST NO. 31:**

Admit that all Capital One Financial Corporation employees who had health insurance through Capital One Financial Corporation's Health Plan are mailed a copy of the Capital One Financial Corporation COBRA notice once they experience a qualifying event.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects that this Request improperly seeks a legal conclusion related to the term "qualified event," which is defined under COBRA.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that it provided notices offering continuation coverage under the Plan to certain Plan participants and beneficiaries who might have otherwise lost Plan coverage, including to terminated employees whose employment was terminated for gross misconduct.

**REQUEST NO. 32:**

Admit that Capital One Financial Corporation relied on forms obtained from its COBRA Administrator when drafting its COBRA Notice.

**RESPONSE TO REQUEST NO. 32:**

Defendant further objects to the phrases "relied on," "forms," "obtained," and "drafting" as vague and ambiguous as to Plaintiffs' intended meaning and as used in this Request.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that, as part of its COBRA notification process, Defendant worked with its COBRA administrator to develop the notices provided to relevant individuals offering them the opportunity to elect COBRA continuation coverage under the Plan.

**REQUEST NO. 33:**

Admit Capital One Financial Corporation has used the same COBRA administrator to send all COBRA notices in the United States for the last four years.

**RESPONSE TO REQUEST NO. 33:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that, for the last four years, it has had a contractual arrangement with Anthem Blue Cross Blue Shield ("Anthem") under which Anthem was responsible for mailing notices to relevant individuals offering them the opportunity to elect continuation coverage under the Plan.

**REQUEST NO. 34:**

Admit Capital One Financial Corporation has used the same COBRA administrator to send all COBRA notices in the United States for the last one year.

**RESPONSE TO REQUEST NO. 34:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits that, for the last one year, it had a contractual arrangement with Anthem under which Anthem was responsible for mailing notices to relevant individuals offering them the opportunity to elect COBRA continuation coverage under the Plan.

**REQUEST NO. 35:**

Admit Capital One Financial Corporation did not use the DOL Model COBRA to notify Plaintiff of his rights under COBRA.

**RESPONSE TO REQUEST NO. 35:**

Defendant objects to this Request because the Department of Labor has issued a number of model COBRA election notices in the Relevant Period, but this Request fails to identify which model COBRA election notice (or notices) is being referred to. Defendant also objects to this Request because it presumes that the Department of Labor's Model COBRA Election Notice ("Model Notice") could be provided, as written, to Plaintiffs to allow them to elect COBRA coverage. The Model Notice is not intended by the Department of Labor to be provided without modification to individuals regarding COBRA coverage because it contains, among other things, instructions describing the information that should be inserted into the notice before being provided to individuals. "Using" the Model Notice, according to the Department of Labor's own instructions, would require modification of the Model Notice, which renders the term "using" vague and ambiguous, as it might encompass various degrees of modification or incorporation of language contained in the Model Notice. Defendant also objects to this Request as not relevant to the parties' claims or defenses in this action. There is no statute or regulation that requires Defendant to use the Model Notice or language in the Model Notice as part of Defendant's COBRA Notice. Defendant further objects to this Request on the grounds that it does not identify which Plaintiff it is referring to and, as Defendant understands it, both Plaintiffs are women.

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied as stated. Defendant admits only that the COBRA Notice it

provided Plaintiffs was not identical to the DOL Model COBRA Notice but contained all of the information required by the COBRA statute and COBRA regulations.

**REQUEST NO. 36:**

Admit that the only witnesses Capital One Financial Corporation has disclosed in its Rule 26 disclosures are, in fact, Capital One Financial Corporation employees.

**RESPONSE TO REQUEST NO. 36:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: denied.

Dated:  June 27, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld (*pro hac vice*)
Shelby M. Krafka (*pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
215.963.5000
215.963.5001 Fax
jeremy.blumenfeld@morganlewis.com
shelby.krafka@morganlewis.com

Christopher M. Diffee (*pro hac vice*)
101 Park Avenue
New York, NY  10178
212.309.6000
212.309.6001 Fax
chrisopher.diffee@morganlewis.com

Franco Bacigalupo
Florida Bar No. 0119055
600 Brickell Avenue
Suite 1600
Miami, FL  33131
305.415.3000
305.415.3001 Fax
franco.bacigaluop@morganlewis.com

*Counsel for Defendant*
*Capital One Financial Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 27, 2022, the foregoing Defendant's Responses to Plaintiffs' First Set of Requests for Admission was furnished via email to the following:

>Brandon J. Hill, Esq.
>Florida Bar Number: 37061
>Direct No. 813.337.7992
>
>Luis A. Cabassa, Esq.
>Florida Bar Number: 053643
>Direct No. 813.379.2565
>
>
>WENZEL FENTON CABASSA, P.A.
>1110 North Florida Ave., Suite 300
>Tampa, Florida 33602
>813.224.0431
>813.229.8712 Fax
>lcabassa@wfclaw.com
>bhill@wfclaw.com
>
>*Counsel for Plaintiffs*

>*/s/ Jeremy P. Blumenfeld*
>Jeremy P. Blumenfeld