DocuSign Envelope ID: F167634B-4899-4D56-B9E4-736109FB6CD0

# EXHIBIT B

## (Class Action Settlement Agreement)

DocuSign Envelope ID: 5167634B-4899-4D56-B9E4-736109FB6CD0

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JESSICA ROUBERT,**

    **Plaintiff,**

**v.**                         **CASE NO.: 8:21-cv-2852-TPB-TGW**

**CAPITAL ONE FINANCIAL CORPORATION,**

    **Defendant.**
_____/

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Named Plaintiff, Jessica Roubert ("Plaintiff"),[1] individually and on behalf of the Settlement Class defined below, and Defendant, Capital One Financial Corporation ("Capital One" or "Defendant") (collectively, the "Parties"), enter into this Class Action Settlement Agreement and Release ("Agreement") to resolve all claims in this action ("Action"), subject to the approval of the Court.

**I.**    **Recitals.**

    1.     The original complaint in this lawsuit was filed on December 7, 2021. Plaintiff asserted claims on behalf of herself and a putative class (collectively, "Plaintiff") against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget

---

[1] Contemporaneous with the filing of their settlement paperwork, the Parties have agreed to file a joint stipulation dismissing with prejudice the claim of former named plaintiff Susan Bacs, each side to bear its own fees and costs.

Reconciliation Act of 1985 ("COBRA"), alleging that Defendant violated the notice requirements of COBRA. Plaintiff sought statutory penalties pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-1 and other damages for themselves and each putative class member who was sent an allegedly defective COBRA notice. Defendant has, at all relevant times, denied Plaintiff's allegations and affirmatively asserted its compliance with the law. In addition, Defendant has further raised various affirmative defenses in this Action.

2.      Following the completion of: (i) extensive written discovery and depositions; (ii) briefing on a potentially dispositive motion to dismiss; (iii) briefing on class certification; (iv) and an arms-length mediation before third party mediator, Carlos Burruezo, during which both sides were represented by experience class counsel, the Parties reached a resolution to this Action and the Parties now enter into this Class Action Settlement Agreement and Release, which memorializes in full the terms of the Parties' amicable resolution of this case.

3.      Defendant expressly denies that it has engaged in any wrongdoing and denies that the COBRA notice at issue is deficient, and denies any violation of COBRA or ERISA. By entering into this Agreement, Defendant does not admit nor concede any fault or liability in connection with any facts or claims that have been or could have been alleged against it in this Action. Defendant denies that it has any liability whatsoever to Plaintiff or any members of the Settlement Class. Defendant has entered into this Agreement solely to purchase peace and in recognition of the substantial expense and burden of continued litigation, the substantial period of time required to arrive at a judicial resolution of the issues

2

DocuSign Envelope ID: F167634B-4899-4D56-B2E1-736409FB6CD0

presented, and the concomitant inconvenience, distraction, and disruption to its business operations.

4.  Plaintiff's counsel, who have substantial experience representing class representatives and prosecuting class actions, have investigated the law and facts relating to the claims asserted in the Complaint. Based on their experience in representing class representatives and litigating class action cases, Plaintiff's counsel has concluded that this Settlement is fair and reasonable and in the best interests of the Settlement Class. Plaintiff's counsel has given due consideration to the benefits of amicably resolving this case as described herein and the risks and delays associated with further litigation.

5.  Subject to the approval of the Court, the Parties propose to settle this Action on the terms set forth this Agreement.

## II.   **Definitions.**

As used in this Agreement, capitalized terms and phrases not otherwise defined have the meanings provided below:

6.  Action or Lawsuit: the above-captioned action, *Roubert v. Capital One Corporation*, 8:21-cv-2852-TPB-TGW, United States District Court, Middle District of Florida, Tampa Division.

7.  Agreement or Settlement or Settlement Agreement: this Class Action Settlement Agreement and Release.

8.  Class Counsel: Luis A. Cabassa, Brandon J. Hill, and Amanda Heystek of Wenzel Fenton Cabassa, P.A.

9.   <u>Class Notice Date:</u> the date that Notices of Settlement are initially mailed to Settlement Class Members.

10.   <u>Class Period for the Class:</u> the period from December 7, 2017, through the date of the Preliminary Approval Order.

11.   <u>Class Representative or Named Plaintiff:</u> Jessica Roubert.

12.   <u>COBRA:</u> the Consolidated Omnibus Budget Reconciliation Act of 1985, including all regulations promulgated and applicable case law thereunder.

13.   <u>COBRA Coverage:</u> continuing health and welfare insurance coverage provided under COBRA.

14.   <u>COBRA Notice:</u> the notice regarding the right to elect COBRA Coverage provided by or on behalf of Defendant to the Settlement Class (as defined below) in the form at issue in the Action.

15.   <u>Court:</u> the U.S. District Court for the Middle District of Florida, Tampa Division.

16.   <u>Deadline to Opt Out or Object:</u> the date the Court establishes as the deadline by which Settlement Class Members must postmark a written notice of their intent to opt out of the Settlement and by which any objections to the Settlement must be filed with the Court. Settlement Class Members shall have sixty (60) days after the Notice of Settlement is mailed to opt out of or object to the Settlement.

17.   <u>Defendant:</u> The named defendant in this lawsuit, Capital One Financial Corporation.

18.   <u>Effective Date:</u> the first day after the first date on which all of the following have occurred: a) all Parties and Class Counsel have executed this Agreement; b) the Court has preliminarily approved this Agreement; c) reasonable notice has been given to the Settlement Class Members, including providing them an opportunity to opt out or object to the Settlement; d) the Court has a held a final approval hearing, entered a final Order approving the Agreement, awarded the Plaintiff any incentive award, and awarded Class Counsel its reasonable attorneys' fees and costs; and e) any period for appeals, motion for reconsideration, rehearing, certiorari or any other proceeding seeking review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or if a Review Proceeding has been timely initiated, that there has occurred a full and complete disposition of any such Review Proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.  However, if there is no Review Proceeding initiated, then the Effective Date is 35 days following entry of the Final Approval Order.

19.   <u>Final Approval Hearing:</u> the hearing to be conducted by the Court following the Court's preliminary approval of this Settlement, dissemination of the Notice of Settlement to the Settlement Class distributed by the Settlement Administrator, and provision of the required notices under the Class Action Fairness Act ("CAFA") by the Settlement Administrator, at which time Plaintiff will request (and Defendant will not oppose) the Court to finally approve the fairness, reasonableness, and adequacy of the terms of this Settlement and to enter a Final Approval Order.

20.    <u>Final Approval Motion:</u> Plaintiff's unopposed motion seeking final approval of this Settlement.

21.    <u>Final Approval Order:</u> the Court's order granting final approval of this Settlement on the terms provided herein or as the same may be modified by subsequent written mutual agreement of the Parties.

22.    <u>Gross Settlement:</u> the total maximum amount that Defendant shall pay in settlement of this Action pursuant to this Agreement.

23.    <u>Net Settlement Proceeds:</u> the amount of money remaining after the Gross Settlement is reduced by the following amounts, none of which Defendant opposes: attorneys fees' and costs; Court-approved costs of the settlement administration process, including the provision of CAFA notices and the Notice of Settlement; and a general release payment of $5,000 to Named Plaintiff.

24.    <u>Notice of Settlement:</u> the Notice of Class Action Settlement approved by the Court in its Preliminary Approval Order, which shall be sent to the Settlement Class Members by the Settlement Administrator by U.S. Mail.

25.    <u>Parties:</u> Named Plaintiff, the putative class, and Defendant.

26.    <u>Person</u>: an individual, partnership, corporation, governmental entity or any other form of entity or organization.

27.    <u>Preliminary Approval Motion:</u> Plaintiff's unopposed motion seeking preliminary approval of this Settlement Agreement.

28.    <u>Preliminary Approval Order:</u> the Court's order preliminarily approving this Settlement Agreement.

29.     Released Parties:  (i) Defendant and its direct and indirect, past, present or future parents, subsidiaries, affiliates, divisions, joint ventures, predecessors, successors, Successors-In-Interest, and assigns, and each Person that controls, is controlled by, or is under common control with them, (ii) the Capital One Financial Corporation Employee Welfare Benefits Plan, as well as any other plan providing medical, dental, or vision benefits sponsored by Capital One Financial Corporation, subsidiaries, affiliates, divisions, joint ventures, predecessors, successors, Successors-In-Interest, and assigns (together, the "Capital One Health Plans"), as well as the Capital One Health Plans' current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest, (iii) the current and former third party COBRA notice providers and administrators (including, but not limited to, Health Equity, WageWorks, Inc., CONEXIS, Inc., and Anthem Blue Cross Blue Shield) for Defendant and/or Defendant's parents, subsidiaries, affiliates, divisions, joint ventures, predecessors, successors, Successors-In-Interest, and assigns, (iv) the third party health care provider or claims administrator of the Capital One Health Plans, Defendant, and/or their respective parents, subsidiaries, affiliates, divisions, joint ventures, predecessors, successors, Successors-In-Interest, and assigns, (v) any entity that was involved in any way with the drafting or delivery of the COBRA notice as defined herein, (vi) Defendant's insurers, co-insurers, and reinsurers, and (vii) for each of the entities identified in (i) to (vi) above, their parents, subsidiaries, affiliates, divisions, joint

7

ventures, predecessors, successors, Successors-In-Interest, assigns, agents, officers, employees, trustees, Board of Directors, members of the Board of Directors, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries, employee benefit plan administrators, service providers to the Capital One Health Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all Persons acting under, by, through, or in concert with any of them.

30.   <u>Settlement Class:</u> class certified pursuant to Fed. R. Civ. P. 23 for settlement purposes only, consisting of "all participants in the Capital One Health Plans who were sent a COBRA Notice lacking the "Maximum COBRA Eligibility Date If Elected" during the Class Period as a result of a qualifying event, as determined by Defendant, who did not elect COBRA."  There are approximately 15,927 class members.

31.   <u>Settlement Class Members or Class Members:</u> any individual who is a member of the Settlement Class. A list of the names of each Settlement Class Member and the address to which a COBRA Notice was sent shall be provided by Defendant or, on behalf of Defendant, by the applicable outsourced third party COBRA administrator to the Settlement Administrator within ten (10) days after issuance of the Preliminary Approval Order.

32.     Settlement Account: the account, which shall be a Qualified Settlement Fund as established by IRS regulations, that is established by the Settlement Administrator for purposes of administering monetary relief under this Agreement.

33.     Settlement Administrator: American Legal Claims Services, LLC, a third-party settlement administrator selected and retained by the Parties for purposes of administering the Settlement and mailing the Notice of Settlement and Settlement Payments to Settlement Class Members.

34.     Settlement Fund Payor: The named defendant in this lawsuit, Capital One Financial Corporation.

35.     Settlement Payment: an equal portion of the Net Settlement Proceeds that each Settlement Class Member shall be entitled to receive, payable by check from the Settlement Administrator, pursuant to this Agreement.

36.     Successor-In-Interest: the estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

### III.     Monetary Benefits to the Settlement Class.

37.     Settlement Account. Within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account, which shall be treated as a Qualified Settlement Fund, for purposes of administering monetary relief under this Agreement.  The Settlement Administrator shall provide Class Counsel and Defendant's counsel with any information relating to the Settlement

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

Account that is reasonably necessary for the Settlement Fund Payor to fund the Settlement Account, including but not limited to a properly executed Form W-9.

38. <u>Funding of Settlement Account.</u> Within fifteen (15) days of the Effective Date, and upon receipt of a properly executed W-9 for the Settlement Account, Defendant and/or its insurer shall deposit a sum total of two-hundred eighty five thousand dollars and zero cents ($285,000) into the Settlement Account, which sum may be paid in one or more deposits to the Settlement Account, which shall establish the Gross Settlement and be used by the Settlement Administrator to pay Settlement Class Members, expenses of settlement administration, including the provision of CAFA notices and the Notice of Settlement, Class Counsel's attorneys' fees and costs, and any general release payment to Jessica Roubert.  Payment of this sum shall be the sole, total, and only payment obligation of the Defendant or any other Released Party in Settlement of this Action, inclusive of any and all attorneys' fees and costs, as well as settlement administration costs.

39. <u>Settlement Payments.</u> The Net Settlement Proceeds, *i.e.,* the amount remaining in the Settlement Account after deduction of any and all amounts approved by the Court for Class Counsel's attorneys' fees and costs, the expenses of settlement administration and for any general release payment, shall be distributed to Settlement Class Members on a pro rata basis in the form of individual settlement checks. Each Settlement Class Member will receive an equal pro rata portion of the Net Settlement Proceeds. Defendant and any other Released

DocuSign Envelope ID: 5167634D-4289-4D56-B954-726409FB6CD0

Party shall not have liability as to the Settlement Payments, the allocation of Settlement Payments to each Class Member, and/or the distribution of Settlement Payments to each Class Member.

40.   <u>Manner of Distribution.</u> The Settlement Administrator shall send the Settlement Payments to Settlement Class Members by U.S. Mail within thirty (30) days after Defendant has funded the Settlement Account. For purposes of this mailing, the Settlement Administrator shall use the address information that Defendant provides for each Settlement Class Member in accordance with this Agreement, subject to appropriate updating of addresses by cross-referencing the National Change of Address Database. If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will promptly re-mail the check to the forwarding address. If the Settlement Payment is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member, and the Settlement Administrator shall re-mail the check if a current address is obtained before the check's expiration date.

41.   <u>Deadline for Cashing Checks.</u> Each Settlement Class Member shall have sixty (60) days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks,

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance as a *cy pres* award to be paid to Bay Area Legal Services.

42.     <u>Payments Not Considered Wages.</u> The Parties agree that the Settlement Payments are not wages and shall not be treated as such for tax purposes. The Settlement Administrator shall arrange for the preparation and filing of any tax reports, forms, and returns required to be filed, prepared or disseminated by the Settlement Account, and will send Class Counsel copies of any such filings and receipts of payment in a timely manner. Neither the Parties nor their respective counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Account. If any tax liability exists, it is the responsibility of each Settlement Class Member only.

## IV.     <u>Attorneys' Fees and Expenses; Costs of Administration.</u>

43.     <u>Unopposed Motion for Attorneys' Fees and Expenses.</u> At least fourteen (14) days prior to the deadline for Settlement Class Members to file objections to the Settlement, Plaintiff will seek an order from the Court awarding Class Counsel their reasonable attorneys' fees in the sum total of one-third of the total common fund, which equals ninety five thousand dollars ($95,000.00), plus litigation costs totaling $6,486.35. Defendant agrees that it will not oppose

DocuSign Envelope ID: 5167634D-4289-4D56-B954-726109FB6CD0

Plaintiff's application for attorneys' fees and costs up to and including these amounts. Attorneys' fees and costs will be paid from the Settlement Fund. The procedure for and the allowance or disallowance of any application for fees and expenses are matters separate and apart from the Settlement. Both sides agree that attorneys' fees and costs were not discussed until after the Settlement Fund amount was agreed to. Any order or proceeding relating to fees and expenses, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final Approval Order or Judgment.

44. <u>Payment of Approved Attorneys' Fees and Expenses.</u> As set forth above, within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account, which shall be treated as a Qualified Settlement Fund, for purposes of administering monetary relief under this Agreement. Then, within ten (10) days after Defendant has funded the Settlement Account, pursuant to the terms of the Court order granting such award, the Settlement Administrator shall pay Class Counsel's attorneys' fees and costs by wire transfer or check to the trust account of Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Suite 300, Tampa, FL 33602.

45. <u>Cost of Administration.</u> The Parties agree that all costs of administration, including the provision of CAFA notices and the Notice of

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

Settlement, shall be paid out of the Gross Settlement and not separately by Defendant nor by Class Counsel.

**V.     General Release Payment.**

46.     _General Release Payment._ At the same time that Plaintiff and Class Counsel file a Motion for Attorneys' Fees and Expenses, they may seek approval of a general release payment to the Named Plaintiff for five thousand dollars ($5,000). In the event this request is approved by the Court, the Settlement Administrator shall issue a check from the Settlement Account made payable to Jessica Roubert at the same time that Class Counsel's attorneys' fees and expenses are paid.  Defendant agrees not to oppose this request.  The procedure for and the allowance or disallowance of any general release payment are matters separate and apart from the Settlement.  Any order or proceeding relating to the general release payment, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement, and shall not operate to, or be grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final Approval Order or Judgment.

**VI.    Release of Claims.**

47.     _Class Member Release of Claims._ On the Effective Date, and in consideration of the benefits provided by this Agreement, the sufficiency of which has been determined by the Court and is hereby acknowledged by the Parties, Named Plaintiff, Jessica Roubert, and all Settlement Class Members and each of the foregoing's attorneys, agents, spouses, parents, children, beneficiaries, heirs,

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

assigns, and dependents who have not opted out of the Settlement Class shall fully and forever release, waive, acquit, and discharge Defendant and each of the Released Parties from any and all claims arising out of the facts alleged in the Complaint filed in the Action, including but not limited to any and all claims that are alleged or could have been alleged in the Lawsuit, relating to the COBRA Notices issued or the cessation of employment that were or could have been asserted in this Action, including but not limited to loss of wages and benefits or loss of earning capacity (together, the "Released Claims"), whether or not Named Plaintiff and such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of attorneys' fees and costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.  No individual claims by Class Members for benefits under ERISA are subject to this waiver except to the extent the claim for benefits or disputed benefits relate to the alleged failure to receive a proper COBRA notice.  Similarly, no ERISA breach fiduciary duty claims, beyond those arising out of the facts alleged in the Complaint, are released.

48.    Class Counsel, Named Plaintiff and/or the Settlement Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the

DocuSign Envelope ID: 5167634D-4289-4D56-B954-726109FB6CD0

decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Settlement Class Member shall expressly, upon the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Named Plaintiff and the Settlement Class Members acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

49. Named Plaintiff and each Settlement Class Member hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, the Settlement Class Members shall be conclusively deemed to, and by operation of the Final Approval Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including specifically Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

DocuSign Envelope ID: 5167634D-4289-4D56-B954-726409FB6CD0

50.     Named Plaintiff and the Settlement Class Members shall, upon entry of the Final Approval Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

51.     <u>Named Plaintiff's General Release.</u>

In addition to the Released Claims by Class Members above, Named Plaintiff only agrees to provide a general release of all claims against the Released Parties ("General Release").  Pursuant to the General Release, Plaintiff Jessica Roubert agrees to release and forever discharge the Released Parties from any and all claims, charges, actions, causes of action, liabilities, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, and judgments, including but not limited to claims under ERISA and/or COBRA, and any other claims and demands whatsoever, whether known or unknown, in law or equity (i) that she ever had, now have or hereafter may have based in whole or in part on any act or event from the beginning of time until the Effective Date, upon, or by reason of any matter, cause, or thing whatsoever; and/or (ii) that would be barred under claim preclusion or issues preclusion.

**VII.   Notice and Right to Opt Out or Object.**

52.   <u>Notice to Settlement Class Members.</u> The Settlement Administrator shall utilize the Court-approved short and long form of the Notice of Settlement, which will be the only forms utilized by the Administrator. The Settlement Administrator shall also provide the proposed form of the long form of notice that will be posted on the Settlement Administrator's website along with a list of other pertinent documents which will be available to Settlement Class Members on the Settlement Administrator's website. Moreover, within thirty (30) days after the Preliminary Approval Order granting approval of the format and contents of the short and long form of the Notice of Settlement, the Settlement Administrator will send the short form Notice of Settlement to all Settlement Class Members via first-class U.S. Mail, postage prepaid in the approved form of envelope, if applicable. The Settlement Administrator shall also make the long form of notice available on its website at the time when the Notice of Settlement is mailed to the Settlement Class Members.

53.   <u>Manner of Distributing Notice.</u> For purposes of distributing the short form Notice of Settlement, the Settlement Administrator shall use the address information that Defendant provides for each Settlement Class Member in accordance with this Agreement, subject to appropriate updating by the Settlement Administrator or Class Counsel of addresses by cross-referencing the National Change of Address Database. If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator will promptly re-mail the Notice to the forwarding address provided. If the Notice of

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

Settlement is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to obtain a valid address for the pertinent Settlement Class Member and mail the Notice to the updated address.

54.    <u>Settlement Telephone Number and Talking Points.</u> Effective on the Class Notice Date, and through the expiration of the period for cashing checks, the Settlement Administrator shall establish a toll-free telephone number with an interactive voice response ("IVR") system that Settlement Class Members may call to obtain further information about the Settlement. Defendant shall have no responsibility for responding to Settlement Class Member inquiries whether written, electronic, or via telephone.

55.    <u>Settlement Website.</u> Effective on the Class Notice Date, or as soon as thereafter practicable, and through the expiration of the period for cashing checks, the Settlement Administrator shall establish an active website from which Settlement Class Members can download relevant forms such as the Complaint, the short form Notice of Settlement, the Settlement Agreement, and ECF-filed *(i.e.,* publicly-available) copies of the pleadings in support of approval of the Settlement, Plaintiff's motion for attorneys' fees and expenses, Plaintiff's motion for class representative general release payment, papers reflecting costs of administration, and the long form Notice of Settlement.  The Settlement Website must be taken down by the Settlement Administrator within 30 days of the Effective Date.

56.    <u>Right to Opt Out</u>. Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

exclusion from the Settlement ("Opt-Out Request"), postmarked no later than the Deadline to Opt Out or Object.  Such Opt-Out Request must affirmatively state that the individual wishes to opt-out of the Settlement, state the case name and number, contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member. The Opt-Out Request must be sent by U.S. Mail to the Settlement Administrator (at the address provided in the Notice of Settlement) and must be timely postmarked on or before the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified below) with copies of all Opt-Out Requests within five (5) business days after the Deadline to Opt Out or Object. Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal, or comment thereon. No Opt-Out Request may be made on behalf of a group of Settlement Class Members.  Each opt-out must be individually signed.

57.    Objections. Any Settlement Class Member who does not opt-out and wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court and mail a copy of that objection with the requisite postmark to the Settlement Administrator (at the address provided in the Notice of Settlement) no later than the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified below) with copies of all objections within five (5) business days after the Deadline to Opt Out or

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

Object. The statement of objection must state the case name and number; state with specificity the grounds for the objection; state whether it applies to only the objector, to a specific subset of the class, or to the entire class; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel.  Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

## VIII. **Settlement Approval.**

58. _Preliminary Approval Motion._ Plaintiff's counsel is responsible for drafting the first drafts of the settlement agreement, motion for preliminary approvals, plus all related exhibits/notices for Defendant's counsel's review. The Parties will work in good faith so that Plaintiff may file an unopposed motion for preliminary approval as soon as reasonably practicable.  The Parties agree to collaborate in good faith in the preparation and finalization of the Preliminary Approval Motion. The Preliminary Approval Motion will request that the Court (a) enter an agreed-upon Preliminary Approval Order; (b) certify the Settlement Class for Settlement purposes only; (c) appoint Plaintiff as the named Class

Representative and Plaintiff's counsel as Class Counsel for Settlement purposes; (d) authorize distribution of the Notice of Settlement to the Settlement Classes; (e) set a Deadline to Opt Out or Object; (f) set a date for a Final Approval Hearing, not to occur until at least hundred (100) days after Plaintiff files the Unopposed Motion for Preliminary Approval of Class Action Settlement; and (g) approve the form of the CAFA Notices attached as Exhibit E to the Settlement Agreement and order that, upon mailing of the CAFA Notices, Defendant shall have fulfilled its obligations under CAFA.

59.    <u>CAFA Notices.</u> The Settlement Administrator shall submit the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, to the applicable state and federal officials within ten (10) days of the filing of the Preliminary Approval Motion in substantially the form submitted as Exhibit E to the Settlement Agreement.

60.    <u>Final Approval Motion.</u> At least ten (10) days before the Final Approval Hearing, or on the date set by the Court (if different), Plaintiff shall file an Unopposed Motion for Final Approval Motion.  Plaintiff's counsel shall take the lead on preparing a draft of the Final Approval Motion and Final Approval Order and will coordinate finalizing the motion and order with input from Defendant. The Parties agree to collaborate in good faith in the preparation and finalization of the Final Approval Motion and Final Approval Order.  Prior to finalizing the Final Approval Motion, the Settlement Administrator shall provide Class Counsel and Defendant's counsel with a report listing the names and addresses of all Settlement

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726409FB6CD0

Class Members to whom the Settlement Administrator mailed a Notice of Settlement, indicating which Settlement Class Members submitted a timely Opt-Out Request, if any, and which Settlement Class Members submitted a timely objection, if any (as well as copies of any such opt-outs or objections).

61.    <u>Right to Terminate Settlement.</u> The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) business days after any of the following have occurred: (a) the Court's refusal to certify the Settlement Class as defined herein; (b) the Court's refusal to grant preliminary approval of the Settlement after the Parties have attempted to re-submit the Preliminary Approval Motion at least one time addressing any issues raised by the Court as to the first Preliminary Approval Motion and/or Settlement Agreement; or (c) the Court's refusal to grant final approval of the Settlement (or if the Final Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party).  In addition, if any objection(s) is timely made and, as a result of said objection, the Final Approval Order is reversed, or if the Final Order is materially modified in a manner unacceptable to either Party by the Court, or any other court, the Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) business days of such an order.

62.    The above notwithstanding, the Parties agree that should any of the conditions set forth in Paragraph 61 occur, the Parties will, within the above-

indicated period, meet and confer by telephone in a good-faith attempt to reach agreement on a settlement of this Action.

63.   In addition, Defendant shall have the right unilaterally to terminate this Agreement by providing written notice to Plaintiff's Counsel of its election to do so within ten (10) business days after the Deadline to Opt Out or Object if a total of five percent (5%) or more of the putative members of the Settlement Class request exclusion from the Settlement by submitting timely Opt-Out Requests.

64.   <u>Termination of Settlement.</u> If the Settlement is terminated pursuant to Paragraph 61 or 63 of this Agreement, the Parties will return to the *status quo ante,* and the Action shall proceed as if this Settlement had never been negotiated. In particular, it is agreed by the Parties that:

(a)   the Settlement proposed herein shall be of no further force and effect;

(b)   all funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendant or its insurer within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void; and

(c)   the agreements and definitions in this Settlement Agreement concerning the certification of the Settlement Class will not be used as evidence or argument to support class certification or the definition of any class in any further litigation, and Defendant will retain all rights to oppose the certification of any class in any further litigation; which shall survive the termination of the Settlement, this Settlement Agreement and all negotiations, proceedings and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to the Parties or the Released Parties, and each Party and Released Party shall be restored to his, her or its respective position as it existed prior to the execution of this Settlement Agreement.

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726109FB6CD0

65.    <u>Settlement Modification.</u> The Parties may agree by written stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court without the need to formally amend this Agreement.

66.    <u>Dismissal with Prejudice:</u> Within five (5) days after the Effective Date, Plaintiff and Defendant agree that they will jointly stipulate to the dismissal with prejudice of the Action.  Plaintiff and Defendant agree they will request that the Court retain jurisdiction to enforce the Settlement Agreement for a limited period of time.

## IX.    **Other Provisions.**

67.    <u>Mediation; Dispute Resolution.</u> In the event that the Parties disagree upon the terms of this Settlement Agreement or as to any matter concerning the administration of this Class Action Settlement, the Parties and the relevant Released Parties agree to use their best efforts to amicably resolve the dispute and to participate in mediation before an agreed upon mediator prior to seeking relief from the Court.

68.    <u>Authority.</u> The signatories below represent that they are fully authorized to enter into this Agreement.  All Class Members who do not opt out are bound by the signature of the Plaintiff as to any settlement and/or judgment.

DocuSign Envelope ID: 5167634D-4289-4D56-B954-726/09FB6CD0

69.   <u>No Press Release or Publicity.</u>  Neither the Parties nor their counsel will issue any press releases or otherwise comment to the press concerning the Settlement.

70.   <u>Standing</u>: The Article III standing of Named Plaintiff, Jessica Roubert, and the Settlement Class Members is not contested by Defendant for purposes of this settlement.

71.   <u>No Admission/ No Waiver.</u>  The Settlement shall not be deemed to be an admission of any liability or wrongdoing by Defendant or any Released Party in any manner, nor shall it be construed as such, but rather it is understood that Defendant is settling this matter merely to buy peace and avoid the cost of protracted litigation.   Further, this Settlement shall not be construed as any indication or admission that the COBRA Notice at issue was deficient in any way. Neither this Settlement Agreement, nor any document or account relating to this Settlement shall be construed as, offered or admitted into evidence as, or be deemed to be evidence for any purpose adverse to Defendant or any Released Party, except for purposes of settling this Action or enforcing settlement of this Action.   Defendant enters into this Agreement solely on the facts and circumstances particular to the matters covered by this Agreement.   This Settlement Agreement shall not be deemed as an admission by, waiver of, or used as estoppel against, the rights of Defendant to assert that the claims set forth in this case or any other case are otherwise inappropriate for class certification under Rule 23 in the absence of a settlement.   To the extent this Settlement is not

DocuSign Envelope ID: 5167634D-4289-4D56-B951-726409FB6CD0

approved, Defendant do not waive, but rather expressly reserve all rights to challenge any and all claims and allegations asserted by Plaintiff (whether procedural or substantive) should the case proceed upon all procedural and substantive grounds.

72.    Best Reasonable Efforts and Mutual Full Cooperation. The Parties agree to fully cooperate with one another to accomplish the terms of this Agreement, including, but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary as ordered by the Court or otherwise to effectuate this Agreement and to secure the Court's approval of the Settlement.

73.    Communications with Settlement Class Members. The Parties and their respective counsel shall not discourage any Settlement Class Member from participating in this Settlement or lobby or encourage any Settlement Class Member to opt out of the Settlement or object to the Settlement.

74.    Binding Effect on Successors and Assigns. This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

75.    Construction. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms'-length negotiations between the Parties and that this Agreement will not be construed in favor of or against any party by

reason of the extent to which any party or party's counsel participated in the drafting of this Agreement.

76.     <u>Entire Agreement.</u> This Settlement Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior negotiations, communications, and agreements between the Parties and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement and to exercise their commercially reasonable best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.  The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of the subject matter of the Action.  Accordingly, the Parties agree that the terms of the Settlement Agreement represent a good-faith settlement, reached voluntarily based upon adequate information and after consultation with experienced counsel. The Parties also agree Plaintiff's attorneys' fees and costs were negotiated separately from the Settlement Fund and benefits to class members under this agreement

77.     <u>Governing Law</u>.  This Settlement Agreement shall be governed by the laws of the State of Florida without giving effect to the conflict of laws or choice of

law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

78.    Venue. The Parties hereby agree that any action brought upon the enforcement of this Agreement shall be commenced or filed in the United States District Court for the Middle District of Florida, Tampa Division.

79.    Extensions. The Parties may agree, in writing, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Settlement Agreement.

80.    Effect of Captions and Headings. Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it.   Each term of this Agreement is contractual and is not merely a recital.

81.    Notices. Unless otherwise specifically provided in this Agreement, any notices or communications to the Parties relating to this Settlement should be sent to their respective counsel in writing and will be deemed to have been duly given as of the third (3) business day after mailing by U.S. registered or certified mail, return receipt requested or as of the date of delivery confirmation by Federal Express, United Parcel Service, or equivalent express carrier, as follows:

**Plaintiff's Counsel:**

Luis A. Cabassa
Brandon J. Hill
Amanda E. Heystek

DocuSign Envelope ID: 5167634D-4289-4D58-B951-726109FB6CD0

Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL 33602

**Defendant's Counsel:**

Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Christopher M. Diffee
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

82. <u>Counterparts.</u> This Agreement may be executed in one or more counterparts. All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages) shall have the same force and effect and shall be as legally binding and enforceable as the original.

83. <u>Class Signatories</u>. The Parties agree that because the Settlement Class Members are so numerous, it is impossible and impracticable to have each Settlement Class Member execute this Agreement. Therefore, the Notice of Settlement will advise all Settlement Class Members of the binding nature of the release and will have the same force and effect as if executed by each Class Member.

84. <u>Authority of Court</u>. The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the release contained in the Agreement. The Court expressly retains jurisdiction

DocuSign Envelope ID: 5167634D-4289-4D56-B954-726409FB6CD0

in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

## X.  <u>Execution.</u>

76.    The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on Effective Date, as defined in this Agreement, and provided that it has been executed by all Parties.

31

12 / 05 / 2022

DATE

JESSICA ROUBERT

December 13, 2022

DATE

DEFENDANT, CAPITAL ONE FINANCIAL CORP.