UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA ROUBERT,

    Plaintiff,

v.                                CASE NO.: 8:21-cv-2852-TPB-TGW

CAPITAL ONE FINANCIAL
CORPORATION,

    Defendant.
_____/

**UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW**

The Class Representative, Jessica Roubert ("Plaintiff" or "Named Plaintiff"), pursuant to Fed.R.Civ.P. 23, files this Unopposed Motion for Final Approval of the Parties' Class Action Settlement. On December 15, 2022, this Court issued an Order preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement" or "the Agreement") between Plaintiff, on behalf of the Settlement Class, and Defendant. (Doc. 66). In that Order, the Court found that Settlement terms are "fair, reasonable, and adequate." (*Id.*, p. 3, ¶ 11).

Following entry of that Order, the Settlement Class Administrator sent a Notice of Settlement via first class mail to all Settlement Class Members. Importantly, <u>class members made zero objections</u>. (*See* attached Declaration of Noah Fiori from Settlement Administrator, American Legal Claim Services, LLC,

¶¶ 9-10) (hereinafter "Fiori Decl."). Not only that, only three requests for exclusion were made. (*Id.*). Considering the large size of the Class, coupled with the fact this is a "claims paid" settlement (meaning all class members will automatically receive a check without having to file claims), and no funds revert to Defendant (instead they will be paid to a *cy pres* recipient), the Settlement is an excellent outcome.

In sum, little has changed since the Court's Order granting the Plaintiff's Motion for Preliminary Approval, confirming that the Settlement is fair, reasonable, adequate, and warrants final approval. As a result, Plaintiff requests that the Court enter the Final Approval Order attached as Exhibit A. In further support thereof, Plaintiff states as follows:

I. **BACKGROUND AND OVERVIEW OF MOTION.**

  A. **Allegations Included in Named Plaintiff's Complaint.**

This is a putative class action brought by Plaintiff against Defendant under 29 C.F.R. § 2590.606–4(b)(4) and 29 U.S.C. § 1166(a). The lawsuit generally alleges Defendant provided Plaintiff and other Class Members with a deficient COBRA election notice ("COBRA Notice" or "Notice"). More specifically, Plaintiff asserted that Defendant's COBRA Notice did not adequately inform her how to exercise her rights to elect COBRA coverage. Plaintiff has further alleged that, in violation of 29 C.F.R. § 2590.606–4(b)(4), the Notice failed to: (i) include a date certain on which continuation coverage ends; and, finally, (iii) be written in a manner calculated to be understood by the average plan participant. As a result of

2

the alleged violations in the Complaint, Plaintiff sought statutory penalties, injunctive relief, attorneys' fees and costs on behalf of herself and all others similarly situated. Throughout the litigation, Defendant has denied that any purported violation occurred and has asserted that its COBRA Notices have complied with any and all applicable law.

### B. Defendant's Defenses.

Had mediation been unsuccessful, Defendant had available to it a myriad of defenses to Plaintiff's allegations, including defenses to class certification, defenses to the merits of the case, defenses to damages, and a possible standing defense. Specifically, Defendant denied, and continues to deny, that it violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 with regard to the Named Plaintiff and/or any putative class members because the COBRA Notice complied with the notice requirements under ERISA, COBRA, and relevant regulations. Furthermore, Defendant denies that Plaintiff suffered any damages from the alleged inadequate Notice.

As part of the Settlement Agreement, Defendant specifically denies that it engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been alleged against it in the action, denies that the claims asserted by Named Plaintiff are suitable for class treatment other than for settlement purposes, and denies that it has any liability whatsoever. However, Defendant agreed to resolve this action through settlement because of the substantial expense of litigation, the length of

time necessary to resolve the issues presented in this case, the inconveniences involved, and the disruption to its business operations.

C. **Procedural History of Case**.

Plaintiff filed suit against Defendant on December 17, 2021, and an Amended Complaint on April 1, 2022. (Docs. 1, 30). The action is brought on behalf of all current and former participants and beneficiaries in the Plan who, in the four years preceding the filing of the complaint through the present, received statutorily deficient COBRA notices under ERISA § 606, 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, and who did not elect COBRA coverage. As a result of these violations, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

The Parties engaged in substantive motion practice occurred prior to settlement. Specifically, Plaintiff overcame a potentially dispositive Motion to Dismiss (*see* Docs. 33, 38, 52) and also filed a Motion seeking to have this case certified as a nationwide class action under pursuant to Rule 23. (Docs. 54, 59).

Additionally, both sides served extensive written discovery prior to engaging in settlement discussions. More specifically, on May 6, 2022, Plaintiff served requests for production, interrogatories, and requests for admission, and a Fed.R.Civ.P. 30(b)(6) notice on Defendant. A few days prior, on May 3, 2022, Defendant served on Plaintiff requests for production, interrogatories, and requests for admission. Both sides provided written responses to the discovery

4

requests. In fact, both sides collectively produced over 1,300 documents prior to settling this matter.

In terms of depositions, before any settlement was reached, Plaintiff's counsel deposed Defendant's corporate representative on July 27, 2022, and Defendant's counsel deposed Plaintiff on July 19, 2022. Defendant also retained an expert witness, who produced a report. After completing extensive discovery efforts during which they became fully versed on the strengths and weakness of this case, the Parties mediated this case.

### D.   Settlement Negotiations and Mediation.

On October 14, 2022, the Parties participated in an all-day mediation with highly-respected class action mediator, Carlos J. Burruezo. After extensive arm's length negotiations—between experienced counsel—a tentative deal was reached. As a result of the agreement reached at mediation, the Parties agreed to enter into the Agreement, for which they now seek Court approval.

## II.   THE PROPOSED SETTLEMENT.

### A.   The Proposed Settlement Class.

The class includes 16,446 individuals who meet the following proposed Settlement Class definition: "All participants in the Capital One Health Plans who were sent a COBRA notice lacking the 'Maximum COBRA Eligibility Date If Elected' during the Class Period as a result of a qualifying event, as determined by

Defendant, who did not elect COBRA."[1] The Class Period for purposes of defining the Settlement Class is from December 7, 2017, through the date of the Court's Preliminary Approval Order.

### B.     <u>Benefits to the Settlement Class and Named Plaintiff</u>.

The Agreement, if approved, will resolve all claims of Named Plaintiff and all Settlement Class Members in exchange for Defendant's agreement to pay $285,000 into the Settlement Account. This is a "claims paid" non-reversionary settlement. Every Settlement Class Member who does not timely opt out will receive a check for their respective Settlement Payment, without having to take any action, mailed to their last known address by the Settlement Administrator.

From the Settlement Account will be deducted amounts for the costs of settlement administration, Class Counsel's fees, litigation costs, and a general release payment to the Named Plaintiff, resulting in the "Net Settlement Proceeds," which will be allocated among the approximately 16,446 Settlement Class Members equally on a *per capita* basis. No funds revert to Defendant. Any funds that are unclaimed (which shall only arise if/when a check is mailed but then not timely cashed) shall revert to a mutually agreeable *cy pres* recipient. The Parties have selected Bay Area Legal Services, a 501(c)(3) non-profit legal aid organization, and will ask the Court to approve it as the *cy pres* recipient.

---

[1] The administrator's notice indicated the class actually turned out to be slightly larger because a total of 16,446 notices were mailed out. The slight increase in the total class size did not materially impact the settlement, nor the recovery of the class.

The Parties negotiated the proposed Settlement on a common fund basis, meaning that the Parties' settlement offers were inclusive of all attorneys' fees and costs, and administrative expenses. The Parties did not negotiate attorneys' fees until after agreeing on all terms related to the size of the common settlement fund and the class definition. The Named Plaintiff is not seeking compensation for her service to the Settlement Class Members.

### C. **Administration of Notice of Settlement.**

The Parties are utilizing a private, third-party vendor, American Legal Claim Services, LLC, to administer the Settlement in this case, including but not limited to distribution of the Notice of Settlement. The Parties have also agreed that all fees and expenses charged by the Settlement Administrator shall be paid from the Settlement Account.

### D. **The Court's Order granting Preliminary Approval of the Settlement.**

On December 15, 2022, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of the Class-wide Settlement of the claims asserted against Defendant under 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4. (*See* Doc. 66). Following entry of that Order, and as further explained by the attached sworn declaration from the Settlement Administrator, Notice was mailed out to the Settlement Class Members.

### E. **The Class Member's Reactions to the Settlement.**

The Settlement Claims Administrator, American Legal Claim Services, LLC

("ALCS"), sent the short form Class Notice approved by the Court to each of the Settlement Class Members on December 15, 2022, via first-class U.S. mail. (*See* Fiori Decl., ¶ 3). The Settlement Class Members overwhelmingly accepted the Settlement. It is estimated that over 99% of the Settlement Class Members received the Class Notice. (Fiori Decl. ¶ 6.) The deadline for Class Members to object or exclude themselves from the proposed Settlement was March 15, 2023. No Class Members objected to the settlement. (Fiori Decl. ¶ 10.) Additionally, only three people asked to be excluded. (Fiori Decl. ¶ 9.)

### III. THE PROPOSED CLASS HAS BEEN CERTIFIED AND THE NOTICE PLAN APPROVED.

#### A. The Class Has Already Been Certified on a Preliminary Basis.

The Court has already determined this action was proper for resolution on a class wide basis pursuant to Rule 23(a) and 23(b)(3). (*See* Doc. 66). Since the Court's Preliminary Approval Order, no objections addressing class certification were received. Thus, there is no reason to re-visit the Court's prior ruling. Pursuant to Fed.R.Civ.P. 23(e), the Court should grant final approval of the settlement.

#### B. Notice to the Class under Fed.R.Civ.P. 23(e)(1).

Under Fed.R.Civ.P. 23(e)(1), Courts typically first analyze the notice to the class. As to the manner of providing notice, Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part, that, "[f]or any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified

8

through reasonable effort." An individual mailing to each class member's last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (noting that individual mailings satisfy Rule 23(c)(2)).

Here, the Settlement Administrator exceeded these requirements by sending out the Court-approved short form version of the notice to all class members via U.S. Mail. That notice included all information required by Fed.R.Civ.P. 23(e)(1) and 23(c)(2)(B), including a link to the long-form version of the notice as well as the 1-800 informational number, along with all of the other required information. Thus, notice was sufficient.

### C. **Final Approval is Appropriate Under Fed.R.Civ.P. 23(e)(2).**

Under Rule 23(e)(2), Courts look to whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, and (4) the proposal treats class members equitably relative to each other. This standard is satisfied here, and the Court should enter a Final Order approving the Class Action Settlement Agreement.

#### 1. **The Class Representative and Class Counsel Have Adequately Represented the Class.**

There is no question that the Named Plaintiff, Jessica Roubert, and the undersigned have adequately represented the class. This first Rule 23(e)(2) requirement encompasses two separate inquiries: (1) whether any substantial

9

conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. *Battle v. Law Offices of Charles W. McKinnon, P.L.*, 2013 U.S. Dist. LEXIS 29263, at *10 (S.D. Fla. Mar. 5, 2013) (*citing Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008)).

Here, the adequacy-of-representation requirement has been met. The Named Plaintiff, Jessica Roubert, is adequate given that her interests are equivalent to those of the Settlement Class. She was actively involved in this case from once the Amended Complaint was filed, including by participating in discovery, preparing for and sitting for her deposition, participating in settlement discussions, and also attending the Zoom mediation. She, along with her counsel, secured a six-figure settlement from a highly sophisticated Defendant in favor of the class members she represents.

With respect to Class Counsel, the proposed attorneys have extensive class action experience, as detailed in the previously filed declarations by class counsel, *see* Docs. 54-8 (Hill Decl.), Doc. 54-9 (Cabassa Decl.), and Doc. 54-10 (Heystek Decl.), along with the attached declaration. Additionally, the undersigned have been appointed as class counsel in several other COBRA class action cases, including *Baja v. Costco Wholesale Corp.* 0:21-cv-61210-AHS (S.D. Fla. Dec. 20, 2022)(Doc. 56); *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34); *Valdivieso v. Cushman & Wakefield, Inc.,* M.D. Fla. Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018) (Doc. 92)

(appointing undersign as class counsel in a COBRA notice class action); and *Carnegie v. FirstFleet Inc.,* M.D. Fla. Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019) (Doc. 63) (same).

When, as here, the Parties are represented by counsel who have significant experience in class-action litigation and settlements and in ERISA cases, and no evidence of collusion or bad faith exists, the judgment of the litigants and their counsel concerning the adequacy of the settlement is entitled to deference. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 532-33 (E.D. Ky. 2010) *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011) ("in deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference"); *see, e.g., UAW v. Ford Motor Co.*, 2008 WL 4104329 at *26 (E.D. Mich. August 29, 2008) ("[t]he endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement."). Thus, the proposed Settlement satisfies Rule 23(e)(2)'s first component, adequacy.

### 2. The Settlement Is the Product of Arm's-Length Negotiations Between Experienced Counsel Before A Neutral Mediator.

The next Rule 23(e)(2) factor is also satisfied because the proposed Settlement, and the record in this case, show that the Settlement Agreement was the product of extensive and detailed arm's-length, and at times contentious, negotiations between the Parties and their counsel. Not only that, the Parties used

11

a highly respected mediator in this case, Carlos J. Burruezo, one of the most respected class action mediators in Florida. *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was warranted because it was overseen by "an experienced and well-respected mediator"). The Parties and counsel were well-informed of the potential strengths and weaknesses of their positions and conducted good-faith negotiations in an effort to avoid costly and protracted litigation.

Moreover, as stated above, all counsel involved in the negotiations are experienced in handling class action litigation and complex litigation and are clearly capable of assessing the strengths and weaknesses of their respective positions. *Pierre-Val*, 2015 U.S. Dist. LEXIS at *2 ("courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks"). Where there "is no evidence of any kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement … counsel's informed recommendation of the agreement is persuasive that approval is appropriate." *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005).

### 3. The Settlement Provides Adequate Relief to the Class Members.

As detailed above, the Settlement will provide substantial relief to Settlement Class Members, satisfying the third Rule 23(e)(2) factor. The

settlement requires Defendant to pay $285,000 into a Settlement Fund to resolve the claims at issue. This represents a gross recovery of approximately $17.89 per Settlement Class Member, with a net recovery of between $7.00 to $10.00 per Class Member. This falls well within the range of reasonableness for settlement purposes. *See, e.g.*, *Vazquez v. Marriott International, Inc.*, M.D. Fla. Case No. 8:17-cv-00116-MSS-MAP (Feb. 27, 2020, Doc. 127) (Judge Scriven approved gross recovery of $13.00 per class member in 20,000 per class in COBRA class action case); *Rigney, et al. v. Target Corp.*, 8:19-cv-01432-MSS-JSS (March 14, 2021, Docs. 58-59) (Judge Scriven approved $17 gross payment and $10 net payment to class members in COBRA class action case); *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (court approved settlement in COBRA notice case in which each class member's gross recovery was $24 and net of $13).

As set forth above, continuing the litigation would have been complicated, protracted, and expensive. The risk of Named Plaintiff being unable to establish liability and damages was also present because of the numerous defenses asserted by Defendant. Because this case settled not long after filing, Named Plaintiff had yet to survive class certification, summary judgment, and trial. Each of these phases of litigation presented serious risks, which the settlement allows Named Plaintiff and the Settlement Class Members to avoid. *See, e.g. In re Painewebber Ltd. P'ships* Litig., 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ("Litigation inherently involves risks."). Courts reviewing the issue of fairness have also favored

settlements that allow even partial recovery for class members where the results of suits are uncertain.  *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("Risk that the class will lose should the suit go to judgment on the merits justifies a compromise that affords a lower award with certainty.").

The Gross Settlement amount in this Settlement is in line with per class member settlement amounts in similar cases.  Under the Parties' Agreement, the Settlement Class Members can quickly realize a portion of their possible statutory damage claims from the Settlement Account, even if the amount is less than what could have been recovered through successful litigation.  Likewise, Defendant caps its exposure at less than the amounts it could owe to each Settlement Class Member if it were to lose at trial, in addition to avoiding protracted litigation and a trial which would involve significant time and expense for all Parties.

### 4. The Proposal Treats Class Members Equitably Relative to Each Other.

The last Rule 23(e)(2) factor is satisfied because the proposed Settlement treats class members equitably.  Moreover, this a "claims paid" Settlement. Settlement Class Members do not have to submit claim forms to receive a share of the settlement proceeds.  Rather, all Settlement Class Members will simply receive checks after the Settlement Effective Date.  If Settlement checks are not cashed, the Settlement Agreement provides for a donation to a *cy pres* recipient.

If Plaintiff had chosen to continue to litigate her claims, a successful outcome was far from guaranteed. As discussed below, Plaintiff faced significant risks with

respect to liability and damages. First, with respect to liability, important issues remained to be decided upon the evidence presented. Second, with respect to damages, the pertinent regulations provide for a maximum statutory penalty of $110 per day, but no minimum penalty. *See* 29 C.F.R. § 2575.502c-1. Whether or not to award statutory penalties is left completely within the discretion of the court. *See Scott v. Suncoast Beverage Sales, Ltd.,* 295 F.3d 1223, 1232 (11th Cir. 2002). In other words, even if Plaintiff was able to prove that Defendant violated the COBRA notice regulation, Plaintiff and Settlement Class Members may have recovered only nominal damages, or even nothing at all. Third, even if Plaintiff overcame an inevitable defense summary judgment motion, successfully had the case certified as a class under Rule 23 by the Court, and won at trial, and convinced the court to award statutory penalties, Defendant likely would have appealed any final adverse judgment, meaning Plaintiff would also need to survive any and all appellate proceedings.

Thus, to avoid the foregoing risks, it was reasonable for Plaintiff to settle the case at this juncture, in order to assure class-wide monetary and prospective relief for Settlement Class Members. *See Bennett v. Behring Corp.,* 76 F.R.D. 343, 349-50 (S.D. Fla. 1982) (stating that it would have been "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers … to the vagaries of a trial"), *aff'd,* 737 F.2d 982 (11th Cir. 1984).

### 5. The Settlement Will Avoid a Complex, Expensive, and Prolonged Legal Battle Between the Parties.

Aside from the risks of litigation, continuing the litigation would have resulted in complex, costly, and lengthy proceedings before this Court and likely the Eleventh Circuit, which would have significantly delayed relief to Settlement Class Members (at best), and might have resulted in no relief at all. Moreover, Defendant would have appealed any judgment entered against it, resulting in further expense and delay. Indeed, complex litigation such as this "can occupy a court's docket for years on end, depleting the resources of the parties and taxpayers while rendering meaningful relief increasingly elusive." *In re U.S. Oil & Gas Litig.*, 967 F.2d at 493. By entering into the Settlement now, Plaintiff saved precious time and costs, and avoided the risks associated with further litigation, trial, and an inevitable appeal.

### D. The Remaining Factors Under Fed.R.Civ.P. 23(e)(3)-(5) are Satisfied.

In accordance with Fed.R.Civ.P. 23(e)(3), the parties have filed the settlement agreement for which they seek final approval. Similarly, Fed.R.Civ.P. 23(e)(4) is satisfied by the notice period during which class members were given sufficient time to be excluded and/or object. And, finally, Fed.R.Civ.P. 23(e)(5), which sets out the applicable procedures for evaluating objections, is also satisfied because, in fact, to date there have been no objections made. Thus, each of these factors also weigh in favor of the Court granting final approval of the Parties' class action settlement.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion. A proposed Order is attached as Exhibit A.

### CERTIFICATE OF GOOD FAITH

Plaintiff's counsel certifies that, in conformance with Local Rule 3.01(g), he conferred with Defendant's counsel about the issues raised in Plaintiff's Motion. Defendant does not oppose the relief requested herein.

DATED this 3rd day of April, 2023.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 37061
        Direct No.: 813-337-7992
        **LUIS A. CABASSA**
        Florida Bar Number: 053643
        Direct No.: 813-379-2565
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Ave., Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: bhill@wfclaw.com
        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of this filing to all counsel of record.

/s/ Brandon J. Hill
**BRANDON J. HILL**