# EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ERIC JONES, on behalf
of himself and all others
similarly-situated,**

     **Plaintiff,**

**v.**                         **CASE NO.: 8:20-cv-2945-VMC-SPF**

**SCRIBE OPCO, INC.,
d/b/a BIC GRAPHIC,**

     **Defendant.**

_____/

## ORDER GRANTING FINAL APPROVAL
## OF THE PARTIES' CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Settlement (Doc. 122), and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs (Doc. 121), both of which came before the Court for hearing on March 17, 2023.

Due and adequate notice has been given to Settlement Class Members as required by the Court's Order granting preliminary approval to the class action settlement and conditionally certifying the class for settlement purposes. (Doc. 119).

The Court, having considered all papers filed and proceedings in this action, and having received no objections to the settlement, hereby **ORDERS** that Plaintiff's Unopposed Motion for Final Approval of Class Settlement (Doc. 122), is

**GRANTED**. Additionally, Plaintiff's Unopposed Motion for Attorneys' Fees and Costs (Doc. 121), is also **GRANTED**. The Court finds as follows:

1. This Order incorporates by reference the definitions set forth in the Parties' Class Action settlement agreement (*see* Doc. 118-2). All terms used herein shall have the same meaning as set forth in the Parties' settlement agreement.

2. The proposed settlement agreement, including all exhibits thereto, is granted final approval as fair, reasonable, adequate, and within the range of reasonableness for final settlement approval. The Court finds that the proposed settlement agreement was only reached from extensive arm's length negotiations and with the help of a highly-skilled mediator.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only for each Settlement Class Member.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, as follows:

> **Settlement Class:**
> All persons employed by Defendant, who worked at one of Defendant's facilities in Florida or Minnesota, which employed 50 or more full-time employees, excluding part-time employees (as defined under the WARN Act) (the "Facilities"), who were laid off or furloughed without cause on their part, on or about March 25, 2020, or within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of, a mass layoff (as defined by the WARN Act) at the Facilities which lasted longer than six months, who do not timely opt-out of the class (the "Class"), but excluding individuals who, according to Defendant's records, declined reinstatement.

2

5.      The Court finds the requirements of the Class Action Fairness Act have been satisfied.

6.      Attorneys Luis A. Cabassa, Brandon J. Hill, and Amanda E. Heystek from Wenzel Fenton Cabassa, P.A., along with Chad A. Justice from Justice Litigation Associates, shall continue serving as class counsel.

7.      Named Plaintiff, Eric Jones, shall continue serving as the Class Representative.

8.      The Court makes the following findings on Notice to the Settlement class:

(a)      The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)      The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final

Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, and the Rules of this Court.

9.    The Court makes the following findings regarding the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e)(2):

(a)    Plaintiff and Class Counsel have adequately represented the class in this Action and in the Settlement;

(b)    The Settlement was negotiated at arm's length, including with the use of a highly-respected mediator;

(c)    The relief provided in the Settlement for the Settlement Class is fair, adequate, and reasonable; and

(d)    The Settlement treats Settlement Class Members equitably relative to each other.

10.    The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

11.     The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

12.     The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

13.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $ $116,666.66, plus litigation costs totaling $8,451.26, payable pursuant to the terms of the Settlement Agreement.

14.     Named Plaintiff, Eric Jones, is awarded a general release payment of $5,000 from the Settlement Fund.

15.     The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns, except as to those who have timely opted-out of the settlement.  The only request for exclusion was made by Sylvia M. Zembo, who is not bound by the Parties' settlement.

16.     Without further order of the Court, the Settling Parties may agree, in writing, to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

DONE AND ORDERED in Tampa, Florida, on this _17th_ day of March, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE