# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61210-CIV-SINGHAL/VALLE

JOHN G. BAJA, individually
and on behalf of all others
similarly-situated,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On June 29, 2022, this Court granted preliminary approval to the proposed Class Action Settlement ("Settlement") set forth in the Plaintiff's Unopposed Motion for Preliminary Approval of their Class Settlement Agreement (the "Settlement Agreement"). (DE [43]). The Court provisionally certified the case for Settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a final approval hearing to take place on December 7, 2022.

Following the final fairness hearing, the Court finds that the Notice to the Settlement Class substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Action Settlement (DE [48]) is **GRANTED**.

2. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

3. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Furthermore, both the Class Representative and Class Members have sufficient Article III standing.

4. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in an all-day mediation session with the assistance of an experienced neutral class action mediator, and only after counsel for both sides exchanged information on the claims and class size. Furthermore, Plaintiff retained counsel well-versed in the law pertaining to COBRA notice cases on a class basis. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

5. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only for each Settlement Class Member

6. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

7. The Court finds the requirements of the Class Action Fairness Act have been satisfied.

8. The Court appoints attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Marc Edelman of Morgan & Morgan, P.A., as class counsel.

9. Further, Named Plaintiff John G. Baja shall continue serving as the Class Representative.

10. The Court makes the following findings on Notice to the Settlement class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this

Court, and any other applicable laws.

11. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

13. The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

14. Pursuant to Fed. R. Civ. P. 23(h), and consistent with its Order Granting Plaintiff's Unopposed Motion for Attorneys' Fees and Costs (DE [45]), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount **$264,473.20**, and the Court hereby awards Class Representative John G. Baja a general release payment of **$10,000**,[1] payable from the Settlement Fund pursuant to the terms of the Settlement Agreement.

---

[1] The Court finds the general release payment does not constitute a prohibited incentive award as described in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020). The general release payment was made in consideration for Baja's release of any and all claims he individually could have or did assert in the action, including claims under federal law, state or local laws, statutes, regulations, ordinances, or federal or state common law. *See* (DE [41-2], at 12–14). Thus, the general release payment cannot reasonably be characterized as an impermissible "salary," "bounty," or payment given to a class representative "simply by reason of his status." *See Johnson*, 975 F.3d at 1259 n.9 (citations omitted). *Johnson* specifically dealt with an explicit "incentive payment" awarded in "acknowledgement of [the class representative's] role in prosecuting the case on behalf of the class members." *Id.* at 1248. That is nothing like the case here.

15. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

17. The following individuals submitted exclusions and, thus, are not bound by the settlement: Cassandra Galley, Esther Salas, Luigi Iannoe, Linoa Strub, Linda Schultz, Doreen Howard, Jordan Davis, Alish Scalese, Andrew Hamasaki, Sofia Khavin, Megan Fournier, Rebekah Deweese, and Katrina Lobos.

18. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

19. The Court maintains jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

20. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 19th day of December 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to Counsel of Record via CM/ECF

6