UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA ROUBERT,

    Plaintiff,

v.                                             Case No. 8:21-cv-2852-TPB-TGW

CAPITAL ONE FINANCIAL
CORPORATION,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on consideration of the report and recommendation of Thomas G. Wilson, United States Magistrate Judge, entered on July 10, 2023. (Doc. 80). Judge Wilson recommends that the "Unopposed Motion for Final Approval of Class Settlement and Supporting Memorandum of Law" and "Plaintiff's Unopposed Motion for Attorney's Fees and Costs (Docs. 72; 75) be granted in part and denied in part. Specifically, Judge Wilson recommends that the Court grant the motion and approve the settlement, except for the $5,000 general release payment to the named plaintiff. On July 24, 2023, Plaintiff Jessica Roubert filed a partial objection to Judge Wilson's recommendation that the $5,000 general release payment be disallowed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199

Page 1 of 5

(4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made."  28 U.S.C. § 636(b)(1)(C).

Upon due consideration of the record, the Court adopts the report and recommendation. The Court agrees with Judge Wilson's detailed and well-reasoned factual findings and legal conclusions, including his conclusion that the $5,000 general release payment is a disguised incentive award. Consequently, the joint motion is granted, the settlement is approved – except for the $5,000 general release payment – and this case is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1) Judge Wilson's report and recommendation (Doc. 80) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

**2)** The "Unopposed Motion for Final Approval of Class Settlement and Supporting Memorandum of Law" and "Plaintiff's Unopposed Motion for Attorney's Fees and Costs" (Docs. 72; 75) are hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

3) The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only for each Settlement Class Member

4) Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

5) The Court finds the requirements of the Class Action Fairness Act have been satisfied.

6) The Court appoints attorneys Luis A. Cabassa, Brandon J. Hill, and Amanda E. Heystek, of the law firm Wenzel Fenton Cabassa, P.A., as class counsel. Further, Named Plaintiff, Jessica Roubert, shall continue serving as the Class Representative.

7) The Court makes the following findings on Notice to the Settlement class:

    a. The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

    b. The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement

    Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

8) The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9) The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

10) The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

11) Pursuant to Fed. R. Civ. P. 23(h), Class Counsel is awarded its fees and costs, consisting of one-third of the Settlement Fund ($95,000), plus an additional $6,084.35 in litigation costs.

12) Excluding those class members who timely opted out of the settlement, the terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have res

judicata and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

13) The following individuals opted out of the settlement and, thus, are not bound by it: Minh Tran, Lily Ngo, and Andrea Carter.

14) Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

15) This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

16) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of August, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**